## C. GRIMM v. M. M. CHILDRESS, ET AL.

### IN THE SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Exchange of Trust Property.*—The doctrine that when property charged with a trust is exchanged for other property, the latter is held subject to the trust, is not applicable where the wife is the trustee and the husband the beneficiary, at least, without showing that it was the intention of the parties to preserve the trust relation. The husband can give the wife property of which he is the *cestui qui trust* as well as any other, and with her consent, could exchange it for other property, and by having the deed made to her directly, invest her with absolute title.

*Construction of a Deed—Practice.*—The proper construction of the present deed was that it vested title in Mrs. Brown, and this construction was for the court alone to make. There was no necessity for the jury to pass upon any fact in the case.

*Practice—Charge of the Court.*—When the only facts upon which the verdict of the jury could possibly be found, are uncontroverted, or admitted, or proved, by the party against whom the verdict, under the law, must necessarily be rendered, it is proper for the judge, as the legal result of the facts, to charge the jury to find in favor of the opposite party.

Appeal from Guadalupe county.

The contest in the court below was as to whether the lands in controversy was the separate property of Mrs. Emily C. Brown or of her husband, Joseph D. Brown. Upon the face of the deed from Swift to her it appeared that the consideration was paid by Mrs. Brown, and that the land was vested in her as her separate estate, but the defendant attempted to show that it was conveyed to her, charged with a trust for the benefit of her husband, and that it thereby became his property. It was admitted that the consideration paid for the land alleged to be $500, was really a negro slave,

and it was as to the ownership of this slave at the time, that the only conflict in the evidence occurs.

If it was the property of the wife, there was clearly an end of the case, as the land for which the slave was exchanged became, of course, her property also. But the proof on the part of the defendants was that the negro was given to Mrs. Brown by the father of her husband, to be held by her for his use and benefit, the object being to protect him from the debts which the husband had contracted. As to whether the beneficial interest of Brown was an absolute title, or one for life with remainder to his children, does not appear very clearly from the evidence of defendant's witnesses, but his counsel claim that it invested him with full title. If so, and he paid the consideration for the land by giving the negro in exchange for it, without proof of any other intention, the law presumes that his design was to make to his wife a gift of this land. This is so well settled to require more than a citation of some of the cases in which it is decided. (Smith v. Boquet, 27 Texas, 507; Higgins v. Johnson, 20 Texas, 393; Smith v. Strahan, 10 Texas, 314.

Of course, it matters not whether the interest of the husband was for life, or in fee simple to the property exchanged, he gives to the wife all the interest in the property received in return. He had nothing then left to convey to a purchaser, and the remainder, if any, vested in his children, a part of whom are now claiming it in this suit.

The principle contended for by appellant is, that when property charged with a trust is exchanged for other property, the latter is held subject to the same trust, is not applicable to where the wife is the trustee and the husband is the beneficiary, at least without showing that it was the intention of the parties to preserve the trust relation. It is controlled by the other principle already stated, viz : that which presumes a gift to the wife when the consideration is advanced by the husband. He could give her property of which he was the *cestui qui trust* as well as any other, and with her consent, could exchange it for other property and by having the deed made to her directly, vest in her the absolute title.

The proper construction of the present deed, whether the testimony of the plaintiff, or of the defendant, was to be believed by the jury, was that the title to the land vested, under the deed, in Mrs. Brown, and this construction was for the court alone to make, and

there was no necessity for the jury to pass upon any fact in the case.

When the only facts upon which the verdict of the jury could possibly be found, are uncontroverted, or admitted, or proved, by the party against whom the verdict, under the law, must necessarily be rendered, it is proper for the judge, as the legal result of these facts, to charge the jury to find in favor of the opposite party. (Eason v. Eason, Galveston term, 1884; Hedgepeth v. Robertson, 19 Texas, 371; Teal v. Terrell, 50 Texas, 361.) This was what the judge did in the present case, and that action was not erroneous.

It follows, of course, that there was no impropriety in the court making the remark to appellants counsel stated in the bill of exceptions. He did not deny counsel the privilege of making the argument, but merely mentioned to him facts showing that it would be an unnecessary labor and consumption of time, which it would have been, and it was but justice to counsel that he should be so informed. There is no error in the judgment and it is affirmed.

Opinion by Willie, Chief Justice.